1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY JAMA HALL,                          No.  2:13-cv-1152 JAM DAD PS

12                    Petitioner,

13           v.                                  ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   CALIFORNIA DEPARTMENT OF
     HEALTH AND HUMAN SERVICES;
15   CHILD PROTECTIVE SERVICES,

16                    Respondents.

17

18              Petitioner Anthony Hall is proceeding in this action pro se.  This matter was

19   referred to the undersigned in accordance with Local Rule 302(c)(17) & (21) and 28 U.S.C. §

20   636(b)(1).

21              Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts

22   (Habeas Rules) requires the court to make a preliminary review of each petition for writ of habeas

23   corpus.  The court must summarily dismiss a petition "[i]f it plainly appears from the petition and

24   any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Habeas

25   Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez,

26   908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition:  1) specify all grounds of

27   relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief

28   requested.  Notice pleading is not sufficient; the petition must state facts that point to a real

                                                  1

1    possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption;

2    O'Bremski, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).

3    Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary

4    dismissal.  Hendricks, 908 F.2d at 491.

5              Here, petitioner is not challenging a criminal conviction or the duration of any

6    period of confinement.  Instead, petitioner in this action is attempting to challenge a family law

7    proceeding in the Sacramento County Superior Court that resulted in the termination of

8    petitioner's parental rights in July of 2011.  (First Am. Pet.[1] (Doc. No. 7) at 3-4.[2])

9              This court has a duty to determine its own subject matter jurisdiction, and lack of

10   subject matter jurisdiction can be raised on the court's own motion at any time.  FED. R. CIV. P.

11   12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v.

12   Bruno, 412 U.S. 507, 511-12 (1973)).  A court will not infer allegations supporting federal

13   jurisdiction; a federal court is presumed to lack jurisdiction in a particular case unless the contrary

14   affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively

15   alleged.  FED. R. CIV. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville

16   Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).  A federal court must have subject matter

17   jurisdiction to consider a habeas corpus claim before it may reach the merits of such a claim.

18   Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir. 2009), cert. den., 558 U.S. 834 (2009).  When a

19   federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action.

20   Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Moore v. Maricopa County Sheriff's Office,

21   657 F.3d 890, 894 (9th Cir. 2011).

22             Because the petition was filed after April 24, 1996, the effective date of the

23   Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this

24   /////

---

25   [1]  Petitioner filed his original petition on June 7, 2013.  (Doc. No. 1.)  Petitioner then filed a

26   motion to file an amended petition (Doc. No. 6) and a first amended petition on June 28, 2013.
     (Doc. No. 7.)  Petitioner's motion to file an amended petition will be granted.

27
     [2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF

28   system and not to page numbers assigned by the parties.

1  proceeding.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Furman v. Wood, 190 F.3d 1002, 1004
2  (9th Cir. 1999).

3          A district court may entertain a petition for a writ of habeas corpus by a person in
4  custody pursuant to the judgment of a state court only on the ground that the custody is in
5  violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a),
6  2241(c)(3); Wilson v. Corcoran, 562 U.S. ---,  ---, 131 S. Ct. 13, 16 (2010); Williams v. Taylor,
7  529 U.S. 362, 375 n.7 (2000).  A habeas corpus petition is the correct method by which a prisoner
8  may challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th
9  Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes
10  to Habeas Rule 1, 1976 Adoption.  However, habeas corpus relief is not available to challenge
11  decisions by state courts regarding child custody and parental rights.  Lehman v. Lycoming
12  County Children's Services, 458 U.S. 502, 511-12 (1982); see also Bell v. Department of Social
13  and Health Services, 382 Fed. Appx. 669, 670 (9th Cir. 2010) ("There is no federal habeas
14  jurisdiction to challenge the constitutionality of a state statute under which a State has obtained
15  custody of children and terminated involuntarily the parental rights of their natural parent.");
16  Cucalon v. Rice, 317 Fed. Appx. 602, 603-04 (9th Cir. 2008)[3]

17          In any event, as a general matter federal courts should decline jurisdiction in cases
18  concerning domestic relations, including the custody of minors, which are governed by state law.
19  Ex parte Burrus, 136 U.S. 586, 593-94 (1890); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir.
20  1983).  ("state court judgments concerning child custody matters are beyond the purview of
21  habeas corpus"); Boozer v. Wilder, 381 F.3d 931, 934 (9th Cir. 2004) ("The Supreme Court has
22  held that children placed in foster care are not in state custody for the purposes of federal habeas
23  proceedings under 28 U.S.C. § 2254.").

24          Accordingly, the undersigned finds that this court lacks subject matter jurisdiction
25  over the family law proceeding in state court and the decision rendered therein which petitioner
26  wishes to challenge.  Moreover, even if the court were to construe petitioner's filing as a civil

27  _____
   [3]  Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit
28  Rule 36-3(b).

1    complaint, instead of a petition for writ of habeas corpus, this court would still lack jurisdiction

2    over the action.[4]

3            In this regard, under the Rooker-Feldman doctrine, a federal district court is

4    precluded from hearing "cases brought by state-court losers complaining of injuries caused by

5    state-court judgments rendered before the district court proceedings commenced and inviting

6    district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus.

7    Corp., 544 U.S. 280, 284 (2005).  The Rooker-Feldman doctrine applies not only to final state

8    court orders and judgments, but to interlocutory orders and non-final judgments issued by a state

9    court as well.  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001);

10   Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986).

11           The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of

12   a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the

13   parties do not directly contest the merits of a state court decision, as the doctrine prohibits a

14   federal district court from exercising subject matter jurisdiction over a suit that is a de facto

15   appeal from a state court judgment."  Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th

16   Cir. 2008) (internal quotation marks omitted).  "A suit brought in federal district court is a 'de

17   facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an

18   allegedly erroneous decision by a state court, and seeks relief from a state court judgment based

19   on that decision.'"  Carmona, 603 F.3d at 1050 (quoting Noel, 341 F.3d at 1164).  See also Doe v.

20   Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts

21   from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state

22

23   [4]  Along with his federal habeas petition, petitioner has filed a motion for leave to proceed in
     forma pauperis.  (Doc. No. 2.)  "'A district court may deny leave to proceed in forma pauperis at
24   the outset if it appears from the face of the proposed complaint that the action is frivolous or
     without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati
25   v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347
     F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for
26   leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if
     it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave
27   to proceed in forma pauperis.").  For the reasons stated above, the motion for leave to proceed in
     forma pauperis should be denied.
28

                                                    4

court' seeks 'what in substance would be appellate review of the state judgment in a United States

district court, based on the losing party's claim that the state judgment itself violates the loser's

federal rights.'") (quoting <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06 (1994), <u>cert.</u> denied 547

U.S. 1111 (2006)).  "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit

is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court."

<u>Bell v. City of Boise</u>, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a
> forbidden de facto appeal from a judicial decision of a state court
> must refuse to hear the forbidden appeal.  As part of that refusal, it
> must also refuse to decide any issue raised in the suit that is
> 'inextricably intertwined' with an issue resolved by the state court
> in its judicial decision.

<u>Doe</u>, 415 F.3d at 1043 (quoting <u>Noel</u>, 341 F.3d at 1158).  <u>See also</u> <u>Exxon</u>, 544 U.S. at 286 n. 1

(stating that "a district court [cannot] entertain constitutional claims attacking a state-court

judgment, even if the state court had not passed directly on those claims, when the constitutional

attack [is] 'inextricably intertwined' with the state court's judgment") (citing <u>Feldman</u>, 460 U.S.

at 482 n. 16)); <u>Bianchi v. Rylaarsdam</u>, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised

in the federal court action are 'inextricably intertwined' with the state court's decision such that

the adjudication of the federal claims would undercut the state ruling or require the district court

to interpret the application of state laws or procedural rules") (citing <u>Feldman</u>, 460 U.S. at 483 n.

16, 485).

Abstention may also be required under the decision in <u>Younger v. Harris</u>, 401 U.S.

37 (1971), when there are ongoing state judicial proceedings implicating important state interests

and there is adequate opportunity in the state proceedings to raise federal questions.

<u>Confederated Salish v. Simonich</u>, 29 F.3d 1398, 1405 (9th Cir. 1994); <u>Miofsky v. Superior Court</u>

<u>of the State of California</u>, 703 F.3d 332, 337–38 (9th Cir. 1983).

Here, petitioner alleges that attached to his federal habeas petition is a first

amended complaint that was filed in the Sacramento County Superior Court on April 12, 2013,

also challenging the termination of his parental rights.  (First Am. Compl. (Doc. No. 7) at 9, 21.)

In this regard, it appears there may well be ongoing state judicial proceedings that implicate

1  important state interests involving domestic relations, and that the state proceedings provide an

2  adequate opportunity for plaintiff to raise any federal questions.  See Ankenbrandt v. Richards,

3  504 U.S. 689, 703 (1992) (holding that the domestic relations exception to federal subject matter

4  jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody

5  decrees); Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (affirming abstention where the case

6  raised constitutional issues but was "at its core a child custody dispute"); Peterson v. Babbitt, 708

7  F.2d 465, 466 (9th Cir.1983) (finding abstention appropriate despite the presence of constitutional

8  issues where the plaintiff sought visitation with children who were wards of the state court).[5]

9                                        LEAVE TO AMEND

10         Accordingly, for all of the reasons explained above, this action should be

11  dismissed.  A petition for writ of habeas corpus should not be dismissed without leave to amend

12  unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v.

13  Nelson, 440 F.2d 13, 14 (9th Cir. 1971); see also California Architectural Bldg. Prod. v.

14  Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to

15  amend include undue delay, bad faith, prejudice, and futility."); Klamath-Lake Pharm. Ass'n v.

16  Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to

17  amend shall be freely given, the court does not have to allow futile amendments).  Here, in light

18  of the nature of the various deficiencies in the pending petition for federal habeas relief noted

19  above, it is apparent that granting leave to amend would be futile.

20                                         CONCLUSION

21         Accordingly, IT IS HEREBY ORDERED that petitioner's June 28, 2013 motion

22  to amend (Doc. No. 6) is granted.

23  _____

24  [5]  Even if this action were not precluded by the Rooker–Feldman doctrine or Younger abstention,
    a civil complaint would still likely be barred by the Eleventh Amendment, which bars suits

25  against a state agency, absent the state's affirmative waiver of its immunity or congressional
    abrogation of that immunity.  Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v.

26  Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation
    v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v.

27  Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010)
    ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief,

28  absent unequivocal consent by the state.").

                                               6

It is also HEREBY RECOMMENDED that:

1. Petitioner's June 7, 2013 motion to proceed in forma pauperis (Doc. No. 2) be denied;

2. Petitioner's June 28, 2013 first amended petition (Doc. No. 7) be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 30, 2013

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\hall1152.ifp.den.f&rs.docx